This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**REGINALD ADOLPH,**

     Petitioner-Appellant,

v.                       **No. 31,816**

**THE CITY OF ALBUQUERQUE,**

     Respondent-Appellee,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Youtz & Valdez, P.C.
Shane Youtz
Stephen Curtice
Albuquerque, NM

for Appellant

French & Associates, P.C.
Erika E. Anderson
Paula I. Forney
Stephen G. French
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}	Reginald Adolph appeals his termination from employment with the City of Albuquerque (the City) following a failed drug test. Adolph first appealed his termination to the City's personnel board. The personnel board modified Adolph's discipline from termination to a forty-day suspension with reinstatement to a non-safety sensitive position. The City appealed the personnel board's order to the district court pursuant to Rule 1-074(C) NMRA. The district court held that the personnel board's decision was arbitrary and capricious and outside the scope of its authority because the City's 1999 substance abuse policy mandated termination. We granted Adolph's petition for a writ of certiorari to the district court. *See* Rule 12-505 NMRA. Because we conclude that the 1999 policy was not in effect at the time of Adolph's termination and because Adolph was disciplined under personnel rules and regulations that did not mandate termination, we hold that it was appropriately within the personnel board's discretion to modify Adolph's discipline. Accordingly, we reverse the district court and affirm the personnel board's decision. **BACKGROUND**

{2}	Adolph, a motor coach operator with the City transit department, was observed by his supervisor driving erratically on his route. The supervisor witnessed Adolph failing to pick up passengers and repeatedly crossing the center line. The supervisor boarded the bus and questioned Adolph regarding his driving. Due to Adolph's bloodshot eyes, his behavior during questioning, and the previously witnessed driving,

2

the supervisor ordered Adolph to submit to a drug test. Adolph tested positive for cocaine.

{3} After failing the drug test, Adolph was placed on administrative leave and given notice of a disciplinary action for violating the City's personnel rules and regulations and the City's 2006 substance abuse policy. Following a predetermination hearing, Adolph was terminated under the 2006 policy, which was a zero-tolerance policy that mandated termination for a first-time positive drug test. Adolph appealed his termination to the personnel board via the City's chief administrative officer.

{4} During the pendency of Adolph's appeal, the 2006 policy was invalidated in a separate case before Judge Valerie Huling in the second judicial district court on the ground that the City failed to collectively bargain the penalties under the 2006 policy in good faith with the unions. The City, recognizing that the invalidated 2006 policy could no longer be used to support Adolph's termination, rescinded the termination, reinstated Adolph with back pay, and ordered him to undergo a return-to-work physical. However, on the same day that the City reinstated Adolph, it also issued him a second notice of disciplinary action regarding the positive drug test and placed him on administrative leave.

{5} The second notice did not reference violations of the 2006 policy or the City's previously promulgated 1999 substance abuse policy. Instead, the notice alleged

3

seven violations of the City's personnel rules and regulations, including a violation of Section 311.1(C), which prohibits an employee from performing work "while under the influence of alcohol or the presence of illegal drugs in . . . their system." Following his second predetermination hearing, the predetermination hearing officer (PDHO) recommended that Adolph be terminated pursuant to violations of the personnel rules and regulations listed in the notice, and Adolph was again terminated by the City. Adolph appealed his second termination.

{6}     Pursuant to the City's merit system ordinance grievance procedures, a hearing was held regarding Adolph's appeal. *See* Albuquerque, N.M., Ordinances § 3-1-24 (2004). The personnel hearing officer's (PHO) recommended findings of fact stated that Adolph was terminated pursuant to violations of the personnel rules and regulations listed in the notice of disciplinary action. However, while the PHO's recommended findings of fact stated that the notice did not directly refer to either the 2006 or the 1999 substance abuse policies, the PHO found that Adolph's disciplinary file contained the requisite suspensions to justify termination under the 1999 policy's progressive discipline scheme.[1] Although the City focuses on those findings in the

[1]Under the City's 1999 substance abuse policy, an employee shall be terminated upon a first positive drug test if the employee has a total of six days of suspension in the preceding two years, received notice of over-utilization of sick leave in the preceding year, or received a suspension for tardiness or absenteeism in the preceding year.

4

present appeal, the PHO notably expressed significant reservations as to whether the 1999 policy could be used in lieu of the invalidated 2006 policy to support Adolph's termination:

> Of greater importance to the hearing officer are concerns of whether any justice was served when the Substance Abuse Policy of 2006 (under which Adolph was tested and found in violation of) was abandoned by the City and the 1999 Substance Abuse Policy was substituted in its stead to support in part the termination of Mr. Adolph. The best that can be said is that an invalidated policy cannot be used to sustain a termination nor can another policy not in service at the time of the infraction be substituted to support a later effort to terminate an employee.

The PHO ultimately concluded that while just cause for discipline existed under personnel rule 902.1, just cause for *termination* did not exist in the absence of a valid substance abuse policy mandating such discipline. Accordingly, the PHO recommended that Adolph be suspended for a period of forty days and be required to comply with the 1999 substance abuse policy upon reinstatement.

{7}     The PHO then submitted his recommended findings of fact and conclusions of law to the personnel board. The personnel board adopted the PHO's recommendations but ordered that Adolph be reinstated to an unspecified non-safety sensitive position instead of resuming his duties as a bus driver after serving the forty-day suspension.

5

**{8}** The City appealed the personnel board's decision to the district court pursuant to Rule 1-074(C). The district court found that the 1999 policy became effective once the 2006 policy was invalidated and that the City had terminated Adolph under the 1999 policy. The district court concluded that the 1999 policy mandated that an employee be terminated if the employee failed a drug test and had at least six days of suspension in the previous two years, as Adolph did. Therefore, the district court held that neither the PHO nor the personnel board had discretion to modify the City's termination of Adolph, much less to order his reinstatement, and that the personnel board's order was "arbitrary and capricious and outside the scope of its authority." *See* Rule 1-074(R) ("The district court shall apply the following standards of review [in administrative appeals]: (1) whether the agency acted fraudulently, arbitrarily[,] or capriciously; (2) whether based upon the whole record on appeal, the decision of the agency is not supported by substantial evidence; (3) whether the action of the agency was outside the scope of authority . . .; or (4) whether the action of the agency was otherwise not in accordance with law."). Adolph now appeals.

**DISCUSSION**

**Standard of Review**

**{9}** "Upon a grant of a petition for writ of certiorari under Rule 12-505, this Court conducts the same review of an administrative order as the district court sitting in its

6

appellate capacity, while at the same time determining whether the district court erred in the first appeal." *City of Albuquerque v. AFSCME Council 18 ex rel. Puccini*, 2011-NMCA-021, ¶ 8, 149 N.M. 379, 249 P.3d 510 (alteration, internal quotation marks, and citations omitted). We apply a whole record standard of review to determine whether the administrative agency's decision was arbitrary and capricious, not supported by substantial evidence, outside the scope of its authority, or otherwise not in accordance with law. *Id.*; *see* Rule 1-074. "An administrative ruling is arbitrary and capricious if it is unreasonable or without a rational basis, when viewed in light of the whole record, and we must avoid substituting our own judgment for that of the agency." *Selmeczki v. N.M. Dep't of Corr.*, 2006-NMCA-024, ¶ 13, 139 N.M. 122, 129 P.3d 158 (internal quotation marks and citations omitted). However, we review de novo whether an administrative agency's actions were contrary to law. *Smyers v. City of Albuquerque*, 2006-NMCA-095, ¶ 5, 140 N.M. 198, 141 P.3d 542.

**The 1999 Substance Abuse Policy Did Not Govern the Disciplinary Action**

{10}    We first consider the issue at the center of both the district court's holding below and the City's arguments on appeal: the applicability of the 1999 substance abuse policy. The district court concluded that the City "charged [Adolph] under the 1999 [policy]" and that the personnel board[2] acted arbitrarily and capriciously in

---

[2]Because the personnel board fully adopted the PHO's recommendations without fully listing its own findings of fact and conclusions of law in its final

7

finding that the 1999 policy governed Adolph's termination but in refusing to apply the mandated discipline. Similarly, the City reiterates throughout its briefing that the personnel board's true error was deviating from the 1999 policy's mandated discipline of termination where the personnel board explicitly found facts sufficient to support such discipline. Contrary to the district court's holding and the City's arguments on appeal, we conclude that while the personnel board did find facts that would support termination under the 1999 policy, the personnel board did not conclude that the 1999 policy governed Adolph's termination and, further, that neither the City's rules and regulations nor a valid substance abuse policy mandated Adolph's termination. Because we will not disturb the factual findings of an administrative agency that are supported by substantial evidence, we conclude that the personnel board did not act arbitrarily or capriciously in determining that Adolph's termination was not required. *See Llena v. Montoya*, 2013-NMCA-048, ¶ 9, 299 P.3d 456 ("[W]e will not disturb any of an agency's factual findings that are supported by substantial evidence.").

{11} The personnel board's findings of fact listed the personnel rules and regulations that the City's notice charged Adolph with violating and that the PDHO later found

---

decision, for clarity in this opinion, our reference to the personnel board may include references to what were, technically speaking, the PHO's recommended findings of fact and conclusions of law. However, reference to the PDHO or the predetermination proceedings does not include reference to the PHO or the personnel board proceedings.

8

Adolph to have violated. There is substantial evidence in the record that it was violations of these rules and regulations, not the 1999 policy, that served as the basis of Adolph's termination. For example, the City's notification of disciplinary action against Adolph only alleged violations of the personnel rules and regulations, in direct contradiction to the district court's finding that Adolph was charged under the 1999 policy. *Cf. Weiss v. N.M. Bd. of Dentistry*, 1990-NMSC-077, ¶ 23, 110 N.M. 574, 798 P.2d 175 (explaining that "[t]he notice of contemplated action serves the same function as a complaint in a civil case, affording notice to the party against whom relief is sought of the facts alleged to justify the relief"). While we recognize that Adolph assumed at the predetermination hearing that the 1999 policy became effective upon the invalidation of the 2006 policy, the PDHO's recommendations, adopted by the transit director in approving Adolph's termination, similarly did not refer to the 1999 policy but instead recommended termination pursuant to Adolph's violations of the seven listed personnel rules and regulations. Finally, the City conceded before the personnel board that it did not express its intent to revert to the 1999 substance abuse policy in lieu of the invalidated 2006 policy until nearly six months after Adolph's second termination. This evidence was sufficient for the personnel board to conclude that Adolph was terminated pursuant to the personnel rules and regulations, not the 1999 substance abuse policy.

{12}     Therefore, the district court was incorrect in determining that the 1999 policy was the basis of Adolph's termination, and, further, in concluding that because the 1999 policy mandated termination, the personnel board had no discretion in the matter.  Instead, both the personnel board and the PDHO found that just cause existed for discipline under personnel rule 902.1, but they disagreed as to the degree of discipline appropriate.  Personnel rule 902.1 provides that "[e]mployees *may* be reprimanded, suspended, demoted or terminated for any justifiable cause." (emphasis added).  Therefore, unlike either the 2006 or 1999 policy, personnel rule 902.1 does not mandate termination.  This is consistent with the City's notice of disciplinary action directed to Adolph, which concluded by stating that "[a]ny violation of any one of the rules or regulations listed above will justify the discipline imposed in this notice of final action *up to and including termination.*" (Emphasis added.)"  While the PDHO found that Adolph's conduct constituted "gross misconduct" sufficient to warrant termination, the personnel board concluded that under the unique circumstances of this case, including the invalidation of the 2006 policy and the confusion as to whether the 1999 policy could be substituted in its place, justice would not be served in upholding Adolph's termination under either policy for his first failed drug test.

{13} In summary, while we note that even under personnel rule 902.1, Adolph's positive drug test and employment record with the City could adequately support his termination, personnel rule 902.1 conferred discretion in the determination of the appropriate disciplinary action in the absence of an additional, valid, substance abuse policy mandating termination. Because of this discretion, the district court's holding effectively amounted to a substitution of the district court's judgment for that of the personnel board in the determination of the appropriate disciplinary action. And it is not within the district court's authority, when sitting in its appellate capacity, to substitute its judgment for that of an agency. *See Gallup Westside Dev., LLC v. City of Gallup*, 2004-NMCA-010, ¶ 11, 135 N.M. 30, 84 P.3d 78 ("[A] reviewing court may not substitute its judgment for that of the [agency]. . . . We may, if we were fact[]finders in this case, come to a different conclusion than the [agency,] but we may only evaluate whether the record supports the result reached, not whether a different result could have been reached."). Thus, the district court erred in concluding that the personnel board had no discretion to modify Adolph's discipline and in ordering that Adolph be terminated.

**The Personnel Board Had the Authority to Reinstate Adolph to a Different Position**

{14} We now consider whether the personnel board acted outside its authority in reinstating Adolph to a non-safety sensitive position. To the extent that the district

11

court concluded that the personnel board's decision to reinstate Adolph was arbitrary and capricious because the 1999 policy mandated termination, we have addressed that issue above. However, the district court also concluded that City rules and regulations did not allow for reinstatement:

> The rules do not provide for this. . . . [The personnel board] cannot alter a recommendation that violated [the City's] rules and regulations in the first place. . . . The [personnel board's] adoption of the [PHO's] recommendation that [Adolph] not be terminated but rather, be placed in another position is arbitrary and capricious and outside the scope of its authority.

Contrary to the district court's conclusion, the personnel board's rules and regulations governing grievance appeals grant the personnel board the authority to "[m]odify or reverse any recommended remedy or discipline imposed." *Rules & Regulations for the Pers. Bd. of the City of Albuquerque* Art. 3, § VIII(C)(2) (2010), *available at* http://www.abqgov.org/PB-Rules-and-Regs.pdf. The merit system ordinance not only grants the personnel board the authority to promulgate these rules and regulations, it specifically requires them. *See* Albuquerque, N.M., Ordinances § 3-1-5(D) (1998) ("The Personnel Board shall establish rules and regulations governing the conduct of its meetings and its grievance hearings."). Under these rules and regulations, the only limitation on the personnel board's authority to modify discipline is that any "modification shall be consistent with [f]ederal, New Mexico [s]tate [l]aw, and the [c]ity of Albuquerque's [o]rdinances and [p]olicies." *Rules & Regulations for the*

12

*Pers. Bd. of the City of Albuquerque* Art. 3, § VIII(C)(2). Apart from the 1999 policy, which was not in effect at the time of Adolph's termination, the City has neither pointed us to any other Albuquerque ordinance or policy nor to any federal or state law that precludes Adolph's reinstatement to a non-safety sensitive position. Therefore, we conclude that the personnel board's decision to reinstate Adolph was not arbitrary or capricious and was not outside the scope of its authority.

**CONCLUSION**

{15}    For the foregoing reasons, we reverse the district court and affirm the personnel board's order.

{16}    **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**

13